## GUARANTY

This Guaranty (this "Guaranty") is executed and delivered as of June 17, 2022, to be effective as of May 24, 2022, by Keith Barket, an individual ("Guarantor"), to Metropolitan Capital Bank & Trust ("Lender").

1. **Background**.

    A. Lender has provided and continues to provide certain extensions of credit, loans and other financial accommodations to Wellstel, LLC, an Illinois limited liability company ("Borrower"), pursuant to that certain Loan and Security Agreement by and among Borrower, certain other related parties (Borrower and such related parties are collectively the "Obligors") and Lender dated as of April 30, 2018, as amended by that certain First Modification of Loan Documents dated as of March 4, 2020, but effective as of January 30, 2020, that certain Second Modification of Loan Documents dated as of June 29, 2020, but effective as of March 24, 2020, that certain Third Modification of Loan Documents dated as of December 29, 2020, but effective as of November 24, 2020, that certain letter agreement dated June 28, 2021 from Lender to Borrower approving the extension of the Term Loan A Maturity Date from May 24, 2021 to November 24, 2021, that certain Fourth Modification of Loan Documents dated as of December 27, 2021, but effective as of November 24, 2021, that certain Fifth Modification of Loan Documents dated as of March 28, 2022, but effective as of February 24, 2022, and that certain Sixth Modification of Loan Documents of even date herewith (as amended, renewed or restated from time to time, the "Loan Agreement"), and the other agreements, documents and instruments referenced in or executed and delivered pursuant to the Loan Agreement, including, without limitation, (i) that certain Term Note A dated as of April 30, 2018, executed and delivered by Borrower to Lender in the principal amount of Four Million and no/100 Dollars ($4,000,000.00) (as amended, renewed or restated from time to time, the "Term Note A"), and (ii) the other documents, agreements and instruments referenced in any of the foregoing or otherwise executed and delivered by any of the Obligors to Lender (collectively, the "Other Agreements") (the Other Agreements, together with the Loan Agreement and the Term Note A are collectively the "Loan Documents"). Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Loan Agreement.

    B. Borrower desires Lender to, among other things, extend the Term Loan A Maturity Date from May 24, 2022 to August 24, 2022 (the "Additional Financial Accommodations").

    C. Lender is willing to provide the Additional Financial Accommodations to Borrower, provided, among other things, that Guarantor executes and delivers this Guaranty to Lender.

    D. Guarantor acknowledges and agrees that (i) Guarantor has a financial interest in Borrower and is benefited by the Additional Financial Accommodations made by Lender to Borrower, (ii) Guarantor's execution and delivery of this Guaranty is a material inducement to Lender providing the Additional Financial Accommodations to Borrower, and (iii) without this



    E.    [Reserved.]

    F.    [Reserved.]

3. **Guaranty**.

    A.    Guarantor hereby (i) unconditionally guaranties the full and timely payment and performance of Borrower's Liabilities when due or declared due, whether by acceleration, maturity or otherwise; (ii) agrees to pay all costs, expenses and fees, including, but not limited to, attorneys' fees, incurred by Lender in connection with this Guaranty, Guarantor's Liabilities or any collateral or security securing Guarantor's Liabilities; and (iii) agrees to pay to Lender the amount of any payments made to Lender in full or partial satisfaction of Borrower's Liabilities, and which are subsequently invalidated, declared to be preferential or fraudulent, set aside or required to be repaid by Lender to Borrower, a trustee, a receiver or any other party under the United States Bankruptcy Code or any similar federal, state or local law, statute or regulation.

    B.    This Guaranty and the full and timely payment of Borrower's Liabilities by Guarantor pursuant to this Guaranty shall be a continuing, absolute and unconditional guaranty of payment and not of collection, irrespective of (i) the validity or enforceability of any instrument, agreement or document evidencing all or any part of Borrower's Liabilities; (ii) the absence of any attempt to collect or enforce Borrower's Liabilities from or against Borrower or any other guarantor of Borrower's Liabilities, or other action to enforce the full and timely payment or performance of Borrower's Liabilities, and the absence of any such attempt shall in no way preclude or be a condition precedent to proceeding against Guarantor; (iii) any waiver or consent by Lender with respect to any term or provision of any instrument, agreement or document executed and delivered by Borrower or Guarantor to Lender; (iv) Lender obtaining or releasing any additional guaranties or any collateral to secure Borrower's Liabilities from Borrower or any other person or entity; (v) any failure by Lender to take any steps to preserve its rights to any security or collateral securing Borrower's Liabilities or to utilize any of its remedies, which failure shall in no way preclude or be a condition precedent to Lender proceeding against Guarantor; or (vi) any other fact, event, act, omission or circumstance which might otherwise constitute a legal or equitable discharge of liability or performance by Guarantor.

    C.    Lender shall not be required or obligated to (i) take any action to collect from, or to file any claim of any kind against, Borrower, any other guarantor or any other person or entity liable, jointly or severally, for the full and timely performance or payment of any of Borrower's Liabilities, prior to pursuing any rights or remedies Lender may have against Guarantor; (ii) take any steps to protect, enforce, take possession of, perfect any interest in, foreclose or realize on any collateral or security, if any, securing Borrower's Liabilities; or (iii) in any other respect, exercise any diligence whatsoever in enforcing, collecting or attempting to collect any of Borrower's Liabilities by any means.

    D.    Guarantor's obligations under this Guaranty shall only be deemed fully or partially satisfied from cash payments made by Guarantor directly to Lender pursuant to an un-rescinded demand by Lender referencing this Guaranty. The Guarantor's obligations under this Guaranty are in addition to any of Guarantor's other obligations to Lender that may be set forth in a separate agreement, document or instrument.

discretion, provides any advice or information to Guarantor, Lender shall be under no obligation to investigate the matters contained in such advice or information, or to correct such advice or information if Lender thereafter knows or should have known that such advice or information is misleading or untrue, in whole or in part, or to update or provide any other advice or information in the future.

6. **Waiver of Guarantor's Right of Indemnification, Subrogation, Contribution and Reimbursement**.

Guarantor acknowledges and agrees that Guarantor may have a right of indemnification, subrogation, contribution and reimbursement from Borrower based upon Guarantor's execution of this Guaranty. Guarantor understands the benefits of having such rights, including, but not limited to, (i) Guarantor's right to reimbursement from Borrower of all monies expended for the payment of Borrower's Liabilities by Guarantor; and (ii) Guarantor's subrogation to the rights of Lender after payment of Borrower's Liabilities. Guarantor knowingly and voluntarily waives, releases relinquishes Guarantor's rights of indemnification, subrogation, contribution and reimbursement from Borrower until such time as Borrower's Liabilities are indefeasibly paid in full and all of Lender's commitments to make loans or provide other financial accommodations to Borrower have terminated.

7. **Remedies Upon a Default**.

Upon the occurrence of an Event of Default, Guarantor's Liabilities shall be immediately due and payable by Guarantor, whether or not Borrower's Liabilities are then due and payable or declared due and payable, and Lender may, in its sole discretion, exercise any of its rights or remedies provided in this Guaranty, at law, in equity or otherwise. All or any portion of the payments made under this Guaranty may be applied to Borrower's Liabilities or retained by Lender as cash collateral for any contingent letter of credit reimbursement obligations not yet due and owing. All of Lender's rights and remedies are cumulative and non-exclusive, and the exercise by Lender of any right or remedy shall not preclude Lender from subsequently exercising any other right or remedy, in any other respect or at any other time.

8. **Term of Guaranty**.

This Guaranty and Guarantor's Liabilities shall apply to all transactions between any of the Obligors and Lender under the Loan Agreement. This Guaranty may only be terminated by Guarantor giving seven (7) days advance notice of such termination to Lender in accordance with Paragraph 9 hereof. Such notice of termination, however, shall not release or affect any of Guarantor's Liabilities existing as of the effective date of such termination.

9. **Notice**.

Any and all notices, demands, requests, consents, designations, waivers and other communications required or desired hereunder shall be in writing and shall be deemed effective upon personal delivery, upon confirmed facsimile transmission, upon receipted delivery by overnight carrier, or three (3) days after mailing if mailed by registered or certified mail, return receipt requested, postage prepaid, to Guarantor or Lender at the following addresses or facsimile numbers or such other address as Guarantor or Lender specify in like manner; provided, however,

5

parents and shareholders, and may be assigned by Lender without notice to Guarantor. This Guaranty may not be assigned by Guarantor.

D. No failure to exercise, and no delay in exercising, any right, power or privilege hereunder shall operate as a waiver thereof. No waiver of any breach of any provision shall be deemed to be a waiver of any preceding or succeeding breach of the same or any other provision. No extension of time for performance of Guarantor's Liabilities or any other obligation or act hereunder or under any other agreement shall be deemed to be an extension of the time for performance of any other obligation or any other act. This Guaranty may not be altered, changed, amended or modified except by an agreement in writing signed by Lender and Guarantor.

E. A facsimile or email transmitted executed counterpart to this Guaranty and the other agreements, documents and instruments executed in connection herewith will be deemed an acceptable original for purposes of consummating this Guaranty and such other agreements, documents and instruments; provided, however, Guarantor shall be required to deliver to Lender original executed signature pages in substitution for said facsimile or email transmitted signature pages.

13. **Service of Process; Consent to Jurisdiction**.

A. GUARANTOR HEREBY WAIVES PERSONAL SERVICE OF ANY AND ALL PROCESS AND CONSENTS THAT ALL SUCH SERVICE OF PROCESS MAY BE MADE BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED, DIRECTED TO GUARANTOR AS SET FORTH IN SECTION 9 ABOVE IN THE MANNER PROVIDED BY APPLICABLE STATUTE, LAW, RULE OF COURT OR OTHERWISE.

B. GUARANTOR AND LENDER IRREVOCABLY AGREE, AND HEREBY CONSENT AND SUBMIT TO THE NON-EXCLUSIVE JURISDICTION OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS, AND THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, WITH REGARD TO ANY LITIGATION, ACTIONS OR PROCEEDINGS ARISING FROM, RELATING TO OR IN CONNECTION WITH BORROWER'S LIABILITIES, GUARANTOR'S LIABILITIES, THIS GUARANTY OR ANY COLLATERAL OR SECURITY THEREFOR, IF ANY. GUARANTOR HEREBY WAIVES ANY RIGHT GUARANTOR MAY HAVE TO TRANSFER OR CHANGE THE VENUE OF ANY LITIGATION, ACTIONS OR PROCEEDINGS FILED IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS, OR THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION.

14. **Waiver of Jury Trial**.

GUARANTOR AND LENDER EACH HEREBY ABSOLUTELY AND UNCONDITIONALLY WAIVE THEIR RESPECTIVE RIGHT TO A TRIAL BY JURY IN CONNECTION WITH ANY CLAIM, DEMAND, ACTION OR CAUSE OF ACTION ARISING UNDER OR RELATING TO THIS GUARANTY, GUARANTOR'S LIABILITIES OR BORROWER'S LIABILITIES, OR ANY OTHER INSTRUMENT, DOCUMENT OR

IN WITNESS WHEREOF, Guarantor has duly executed this Guaranty on the day and year first above written.

                                                                                     KEITH BARKET, individually

| STATE OF ILLINOIS | ) | |
|---|---|---|
| | ) | SS. |
| COUNTY OF Cook | ) | |

I, the undersigned, a Notary Public in and for said County, in the State aforesaid, do hereby certify that **Keith Barket**, an individual, subscribed to the foregoing Guaranty, appeared before me this day in person and acknowledged that he signed and delivered the said instrument as his free and voluntary act, for the uses and purposes therein set forth.

GIVEN under my hand and Notarial Seal this 22 day of June, 2022.

OFFICIAL SEAL
STEPHANIE T. BENGTSSON
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires Jan. 5, 2026

Notary Public

My commission expires:

1/5/2026

*[Signature and Notary page to Guaranty]*

9